[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE POST-VERDICT MOTIONS
I. Defendant's Motion for Collateral Source Reduction
The parties are in agreement that there should be no reduction for medical payments made on behalf of the plaintiff for the reason that the premiums paid for these benefits equal the amount of payments made by the insurer. There is a dispute, however, as to whether the disability payments received by the plaintiff, which total $8,852.38, are collateral source benefits which should be deducted from the verdict. During the course of oral arguments, counsel for each party cited superior court case law in support of his and her positions. Neither party, nor this court, could find Appellate authority directly addressing this issue. This court is persuaded by the reasoning of Judge West, in Medina v.Rousseau, 1999 Ct. Sup. 12961, Superior Court Judicial District of Waterbury (Sept. 24, 1999). After thoroughly analyzing the legislative history of Connecticut General Statute § 52-225b, Judge West concluded that the legislature did not intend disability benefits to be included as collateral source payments. "The legislative history is most persuasive and this court will not include in the language of § 52-225b
a meaning which the legislature specifically rejected." Id. Accordingly, the plaintiff's disability benefits are not collateral source payments under Connecticut General Statute § 52-225b.
For this reason, the defendant's Motion for Collateral Source Reduction is denied.
II. Plaintiff's Bill of Costs
On plaintiff's Bill of Costs dated August 7, 2002, the plaintiff seeks reimbursement for the fee charged by her expert, Dr. Cheryl Schiano, in the amount of $1,200. The defendant objects to this amount, claiming that Dr. Schiano testified for approximately one hour; therefore, this fee is unreasonable. Connecticut General Statute § 52-257 allows the CT Page 11342 prevailing party in a civil action to recover the cost for each witness attending court, "his legal fee and mileage." (b)(1). This court does not find Dr. Schiano's fee to be unreasonable. The plaintiff is awarded her full Bill of Costs in the amount of $1,374.00.
III. Plaintiff's Motion for Award of Offer of Judgment Interest and Statutory Attorney's Fees
The defendant does not dispute that the plaintiff is entitled to Offer of Judgment Interest. The plaintiff's request for attorney's fees is denied. The plaintiff's total recovery, therefore, is $50,000[1]. Multiplying the recovery of $50,000 by twelve percent (12%), the plaintiff earned $6,000 per year, or $16.438 per day in interest, computed from the date the complaint was filed, October 2, 2000, to the date of judgment. The court calculates this interest as follows:
October 2, 2000 — October 2, 2001 $6,000.00
October 2, 2001 — August 30, 2002 $5,473.85
(333 days)
Total Offer of Judgment Interest $11,473.85
This court enters judgment in favor of the plaintiff in the amount of $61,473.85. While costs should be awarded pursuant to Connecticut Practice Book § 18-5, for judicial economy, this court awards the plaintiff costs in the amount of $1,374.00.
___________________, J. CAROL A. WOLVEN